**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                              CASE NO. 3:10-cr-164-J-32TEM

HUBER DOMINGUEZ-DIAZ

_____

## ORDER

This case is before the Court on the United States' Motion to Strike the Claim of Gabina Aguirre-Frias and Julian Aguirre for Failure to Comply with the Court's Order Regarding Discovery (Doc. #771, "Motion to Strike"), filed August 8, 2013. Petitioners failed to file a response within the time permitted under the Federal Rules of Civil Procedure and the Local Rules. *See* Fed. R. Civ. P. 6; Local Rule 3.01(b), Middle District of Florida. On September 3, 2013, the Court ordered Petitioners to respond to the United States' Motion to Strike by September 6, 2013, and warned that failure to file a response would result in the Motion to Strike being treated as if it were unopposed (Doc. #777). Petitioners failed to file a response within the deadline provided by the Court. Accordingly, the motion is now ripe for the Court's review.

**I.     Background**

On September 29, 2010, Huber Dominguez-Diaz ("Defendant"), was charged in Count One of a seven-count Superseding Indictment with conspiracy to distribute cocaine, a Schedule II controlled substance, the amount of cocaine being five (5) kilograms or more, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Doc. #307). On October 5,

2010, the United States filed a Bill of Particulars for Forfeiture of Property, giving notice that the United States was seeking forfeiture, *inter alia*, of a 2005 Nissan Murano, VIN JN8AZ08T15W329467 ("subject vehicle"), seized from Defendant's residence on June 30, 2010 (Doc. #332). The United States filed a Plea Agreement with Defendant on December 27, 2010, in which Defendant agreed to plead guilty and forfeit all assets and property, or portions thereof, subject to forfeiture under 21 U.S.C. § 853, including the subject vehicle (Doc. #401). On February 11, 2011, the Court accepted Defendant's plea and rendered an adjudication of guilt (Doc. #411). The Court issued a Preliminary Order of Forfeiture as to the subject vehicle on October 30, 2012 (Doc. #656).

On December 20, 2012, Gabina Aguirre-Frias and Julian Aguirre ("Petitioners") filed a third party petition asserting an ownership interest in the subject vehicle (Doc. #684). In support of their contention, Petitioners argued: (1) the subject vehicle was purchased by Petitioners; (2) the subject vehicle was not obtained as a result of or through any illegal activities of Defendant; (3) the subject vehicle was not used by Defendant in any illegal activities; and (4) there was no nexus between the illegal activities of Defendant and the acquisition of the subject vehicle. *Id.* at 3-4. In response to the third party petition, the United States moved the Court for a period of discovery (Doc. # 708, Consent Motion for an Order Permitting Discovery). On January 22, 2013, the Court granted the United States motion and set a discovery deadline of May 3, 2013 (Doc. #718). The Court also ordered the United States to file a substantive response to the third-party petition by May 24, 2013, and set the case for an evidentiary hearing on June 20, 2013. *Id.*

On May 23, 2013, the United States filed a Motion for Summary Judgment (Doc. #750). In the motion, the United States alleged that Petitioners failed to prove by a

preponderance of the evidence that they have a legal interest in the subject vehicle sufficient to satisfy either one of the required substantive grounds for recovery under 21 U.S.C. § 853(n)(6). *Id.* The United States further asserted that, despite the Court's Order, Petitioners had not participated in discovery. *Id.*

On June 10, 2013, the United States filed Motions to Compel Answers to Interrogatories and Requests for Production of Documents as to Gabina Aguirre-Frias and Julian Aguirre (Docs. # 753, #754, respectively). In the motions, the United States alleged that, despite assurances from Petitioners' counsel, Petitioners did not respond to the United States' first set of interrogatories and production of documents.[1]  *Id.*

The United States filed a Consent Motion to Continue the Evidentiary Hearing on June 12, 2013, alleging it had still not received the requested discovery from Petitioners (Doc. #755). In the motion, the United States requested to re-convene depositions, if necessary, based on any newly discovered evidence. *Id.* The Court granted the United States' motion on June 13, 2013, and ordered the evidentiary hearing be rescheduled after discovery was completed (Doc. #757). The Court further ordered the parties to "confer and attempt to resolve the issues raised in the United States' Motion to Compel Answers to Interrogatories and Requests for Production of Documents without Court intervention." *Id.* On June 27, 2013, the United States filed a Certificate of Conference, which stated, in relevant part, "[c]ounsel for Petitioners has informed the United States that the Petitioners will provide the requested discovery by no later than July 10, 2013 (Doc. #763)."

On June 28, 2013, Petitioners filed a Motion for Extension of Time to File Response

---

[2] The requests were served on March 5, 2013, and responses were due on April 4, 2013.

to Motion for Summary Judgment (Doc. #760), which the Court granted on July 1, 2013 (Doc. #762).[2] In a separate order, the Court found the Motions to Compel and Requests for Production moot, and ordered Petitioners to provide the requested discovery by July 10, 2013, as agreed upon by the parties (Doc. #763).

The United States filed the present Motion to Strike (Doc. #771) on August 8, 2013, alleging Petitioners had failed to comply with the Court's order to provide discovery by July 10, 2013. Petitioners did not file a response to the motion within the time permitted under the Federal Rules of Procedure and the Local Rules. In an abundance of caution, the Court ordered Petitioners to respond by September 6, 2013, and warned that failure to file a response would result in the Motion to Strike being treated as if it were unopposed (Doc. #771). Petitioners failed to file a response within the deadline provided by the Court.

## II.     Discussion

In the present motion, the United States alleges Petitioners' discovery responses were not received by July 10, 2013 or at anytime thereafter, and that Petitioners' repeated failure to respond to discovery and to comply with the Court's orders warrants imposition of sanctions (Doc. #771). Additionally, the United States asserts that on July 16, 2013, Petitioners' counsel informed the United States, via email, that he was unable to reach his clients and therefore unable to respond to discovery requests *Id.* at 5. The United States

---

[2] Petitioners responded to the United States' Motion for Summary Judgment on July 4, 2013, asserting that Petitioners have set forth facts which would "support a jury's determination that they [Petitioners] have a legal right, title and interest in the 2005 Nissan [subject vehicle] which was vested in them at the time it was purchased and was superior to any right, title or interest of the Defendant (Doc. #764)."

4

requests the Court strike Petitioners' claim pursuant to Rule 37 of the Federal Rules of Civil Procedure. *Id.* at 9.

If a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders, including striking pleadings as a sanction. Fed. R. Civ. O. 37(b)(2)(A)(iii). The Court has broad discretion in imposing Rule 37 sanctions. *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir.1997); *see also BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir .1994). However, "this discretion is not unbridled." *Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d at 1317. In particular, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" *Id.* (quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir.1986)).

Other courts have stricken petitions under similar circumstances where claimants failed to comply with discovery and failed to diligently pursue claims. For example, in *United States v. Three Tracts of Real Property in East Bend Township, Yadkin County, N.C.*, the court directed the claimant to answer discovery requests that were properly served by the government, and advised that failure to respond to discovery may result in sanctions. 2007 WL 433381, at *1 (M.D.N.C. Feb. 5, 2007).[3] After the claimant failed to provide answers to interrogatories and production of documents as ordered, the court found that striking the

---

[3] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. *See also* 11th Cir. R. 36-2.

5

claim was warranted because the claimant displayed bad faith and "callous disregard of the federal rules." *Id.* The court stated, "[o]utright non-compliance with a court order cannot be countenanced, and such flagrant violation of the rules must be deterred. No less drastic a sanction than dismissal can be effective in the face of Claimant's complete refusal to participate in discovery." *Id.*

A review of the pleadings in this case indicates that Petitioners have acted in bad faith and shown a willful disregard for the Court's orders. Petitioners have failed to comply with basic discovery obligations, and have failed to demonstrate any valid reason for their noncompliance. This conduct has prejudiced the United States' ability to produce evidence relevant to the issues raised by Petitioners' claim  Further, after ample opportunity, Petitioners have failed to diligently prosecute their claims, and have ignored direct orders from this Court that they provide discovery responses. Under these circumstances, striking Petitioners' claim is appropriate. *See also United States v. $49,000 Currency*, 330 F.3d 371, 379 (5th Cir. 2003) (holding that claimant's failure to fully comply with district court's order compelling discovery rendered claimants vulnerable to sanctions, and entry of default judgment was an appropriate sanction under Rule 37); *United States v. Approximately $7,400 in U.S. Currency,* 276 F.R.D. 596, 598-99 (E.D. Wis. 2011) (holding that striking a claim was appropriate when claimant did not respond to multiple discovery requests and court orders). *United States v. Approximately $141,932.00 in U.S. Currency*, 2008 WL 190878, at *4 (E.D. Cal. Jan. 18, 2008) (holding that striking a claim was proper after claimant continually refused to respond to discovery requests and orders, including plaintiff's motion to compel discovery, the court's order to compel, and plaintiff's motion to

strike and enter default judgment). A lesser sanction would likely be ineffective in bringing about compliance with the Court's orders.

## III. Conclusion

Based on the foregoing, the United States' Motion to Strike the Claim of Gabina Aguirre-Frias and Julian Aguirre for Failure to Comply with the Court's Order Regarding Discovery (Doc. #771) is **GRANTED.**

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of October, 2013.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
  and *pro se* parties, if any

7